UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.   ) | Crim. No. 17-10129-LTS |
| ) | |
| WALTER JOHNSON ) | |

DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The defendant Walter Johnson moves this Court, pursuant to F.R.Cr.P. 7(f), to order the United States to provide particulars with respect to Count 1 of the indictment in this case. The defendant moves that the United States be ordered to identify with specificity which images it is alleging constitute the child pornography the defendant is charged with distributing on March 15, 2017.

STATEMENT OF RELEVANT FACTS

The defendant Walter Johnson is charged with distribution of child pornography on March 15, 2017, in violation of 18 U.S.C. §2252A(a)(2)(A). Discovery in this case consists of more than 8,000 email messages, with hundreds of emails sent and received over the time period proximate to the date on which the defendant is charged with distributing child pornography. Many of these emails are accompanied by images of minors. Many of the images found in the discovery are not in counsel's view pornography.

The defense is moving for these particulars so that the defendant will know which of the images in discovery the government is intending to prove are child pornography, as the term is defined in 18 U.S.C. §2256. Defense counsel requested the government to identify which images were the basis for Count 1 in a discovery letter dated March 6, 2018. The government declined this request in a letter dated March 22, 2018.

The purpose of a bill of particulars "is to provide the accused with the detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). In this case, avoiding unfair surprise and clarifying the issues in contention between the parties are strong reasons for requiring the government to provide the particulars requested. Where there may be legitimate disputes between the defendant and the government over which images in the defendant's possession are child pornography, as opposed to mere nude images of minors, having the issue focused in advance of trial by a bill of particulars avoids surprise and waste of time by the defense, and does not in any way prejudice the government's case.

Moreover, the allowance of particulars regarding the identification of alleged pornography appears not to have been

controversial in this circuit in past cases.  See, e.g., United States v. Silva, 794 F.3d 173 (1st Cir. 2015)(District of Rhode Island; particulars provided); United States v. Frabizio, 459 F.3d 80 (1st Cir. 2006)(District of Massachusetts; same). Finally, allowing particulars is consistent with the philosophy of Rule 16, especially in a case like this, where a great deal of evidence was seized from the defendant that is likely not to be introduced by the government in its case-in-chief.  Rule 16(a)(1)(E)(ii) requires disclosure of evidence "the government intends to use . . . it its case-in-chief."  The government's declination of March 22, 2018 amounts to saying to the defendant, "Here are 8,000 emails and several hundred images of children. You figure out which ones we plan to use at trial."  This is unproductive gamesmanship that embodies the spirit of trial by ambush.  The defendant asks this Court to order the United States to provide the particulars requested.

Respectfully submitted

By his attorney,

/s/ Syrie D. Fried
Syrie D. Fried
Good Schneider Cormier & Fried
83 Atlantic Avenue
Boston, MA 02110
(617) 523-5933

CERTIFICATE OF SERVICE

I, Syrie D. Fried, do hereby certify that this document was filed electronically via this Court's electronic case filing system ("ECF"), and will be served electronically upon the parties identified in the Notice of Electronic Filing ("NEF") this 26th day of April, 2018.

/s/ Syrie D. Fried