UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Crim. No. 17-10129-LTS |
| | ) | |
| WALTER JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

June 27, 2018

SOROKIN, J.

Defendant Johnson appeals from Magistrate Judge Bowler's decision, Doc. No. 62, denying both his motion to compel, Doc. No. 51, and his request for a bill of particulars, Doc. No. 56. Johnson contends Judge Bowler's are contrary to law and an abuse of discretion. Doc. No. 63. The appeal from the denial of the request for a bill of particulars is DENIED for the reasons stated in the government's opposition to the appeal.

Prior to the issuance of several search warrants, the government apparently obtained email communications sent by a then unidentified person (alleged to be the defendant based upon later acquired information) to an email account then under government investigation. Doc. No. 1-1 at ¶¶ 5-6, 23. According to the submissions by the government on the appeal, the government obtained these sent emails from the internet service provider of the account then under investigation. See Doc. No. 66 at 2. These materials, i.e. the form of legal process, supporting materials and some or all of the response of the internet service provider, do not fall within the plain terms of Local Rule 116. See Mass. Local R. 116(c)(1). None of that material is evidence

in the government's case in chief against Johnson nor was it a search obtained for or conducted of the defendant's property, residence, place of business or person. Id.  The materials are not otherwise "material" within the meaning of Rule 16. Emails allegedly knowingly, intentionally and voluntarily sent by the defendant to another specific individual which individual then retained those emails, the issue here (assuming without deciding that the government obtained the material based upon a determination short of a probable cause determination made by a neutral detached magistrate), are qualitatively different than the cell site location material at issue in Carpenter v. United States, 585 U.S. ____ (2018) (finding that the third party doctrine does not apply to cell-site records which reveal a comprehensive record of a person's movements because a central aim of the Fourth Amendment is "to place obstacles in the way of a too permeating police surveillance"). Accordingly, the Motion to Compel is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge