

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 6, 2019

Syrie D. Fried, Esq.
Good Schneider Cormier & Fried
83 Atlantic Avenue
Boston, MA 02110

    Re:    United States v. Walter Johnson
            Criminal No. 17-cr-10129-LTS

Dear Attorney Fried:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Walter Johnson ("Defendant"), agree as follows with respect to the above-referenced case:

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to Count 2 of the above-referenced Indictment, which charges possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant expressly and unequivocally admits that he committed the crime charged in Count 2 of the Indictment, did so knowingly, and is in fact guilty of that offense.

The U.S. Attorney agrees to dismiss Count 1 of the Indictment, which charges distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), following the imposition of sentence at the sentencing hearing.

2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties on each count of the Indictment:

Count 1 (distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A): incarceration for 20 years, with a mandatory minimum term of 5 years; supervised release for 5 years to life; a fine of $250,000; a mandatory special assessment of $100; a special assessment of $5,000 pursuant to 18 U.S.C. § 3014; restitution; and forfeiture to the extent charged in the Indictment.

Count 2 (possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B): incarceration for 20 years; supervised release for 5 years to life; a fine of $250,000; a mandatory special assessment of $100; a special assessment of $5,000 pursuant to 18 U.S.C. § 3014; restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands and acknowledges that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows with respect to Count 2 of the Indictment:

- in accordance with USSG § 2G2.2(a)(1), Defendant's base offense level is 18 because Count 2 charges him with a violation of 18 U.S.C. § 2252A(a)(5);

- in accordance with USSG § 2G2.2(b)(2), Defendant's offense level is increased

by two levels, because the material involved a prepubescent minor or a minor who had not attained the age of 12 years;

- in accordance with USSG § 2G2.2(b)(3)(F), Defendant's offense level is increased by two levels, because Defendant knowingly engaged in distribution;

- in accordance with USSG § 2G2.2(b)(6), Defendant's offense level is increased by two levels, because the offense involved the use of a computer;

- in accordance with USSG § 2G2.2(b)(7)(C), Defendant's offense level is increased by four levels, because the offense involved at least 300 images, but fewer than 600; and

- in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the adjusted offense level is reduced by three levels.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a) incarceration for no less than 36 months and no greater than 48 months;

(b) no fine, where Defendant will be required to pay restitution;

(c) 60 months of supervised release;

(d) a mandatory special assessment of $100, as well as a special assessment of $5,000 imposed pursuant to 18 U.S.C. § 3014, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

(e) restitution to be determined at or following the date of sentencing; and

(f) forfeiture as set forth in Paragraph 9.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. § 3553(a).

6. Protection of Assets for Payment of Restitution, Forfeiture, and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

(a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $500;

(b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $3,000 per month; and

(c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing are satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately a sworn financial statement.

7. <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

(a) Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b) Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to the terms and conditions of supervised release, fines, and forfeiture) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. The parties having no agreement with respect to the amount of restitution, if any, that may be ordered against Defendant, Defendant reserves his right to appeal a restitution order that he believes to be excessive or determined by an

erroneous application of the law. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that he will not appeal the imposition by the Court of a sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

8. Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions the U.S. Attorney made in this Plea Agreement, Defendant voluntarily and knowingly waives any claim Defendant might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count 1.

9. Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

12. Withdrawal of Plea by Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

13. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14. <u>Who is Bound by Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Modifications to Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Anne Paruti.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: _____
LORI J. HOLIK
Chief, Major Crimes Unit

_____
ANNE PARUTI
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

_____
Walter Johnson
Defendant

Date: 6/9/2019

I certify that Walter Johnson has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
Syrie D. Fried
Attorney for Defendant

Date: 6/9/19

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

Walter Johnson
Defendant

Date: 6/9/2019

I certify that Walter Johnson has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Syrie D. Fried
Attorney for Defendant

Date: 6/9/19