# MENTAL HEALTH AFFILIATES
1290 Worcester Road
Framingham, MA 01702
508 872 1650
Fax 508 370 7282

August 30, 2019

Dear Judge Sorokin,

As professional background, I have a Ph.D. in Clinical psychology and have been practicing for more than 40 years. My experience includes:
- Chief Psychologist on a 23 bed psychiatric unit for almost 10 years;
- Director of a group private practice for 30 years;
- Providing fitness for duty evaluations;
- Faculty positions at Boston University, Framingham State University, Clark University and Northeastern University;
- Author of 5 books.

I have been Mr. Walter Johnson's treating psychologist for almost two years. Mr. Johnson has been in total compliance with all scheduled appointments, phone calls and other required administrative details. He has talked openly about his sexual development and experience, including his involvement with pornography. While Mr. Johnson did possess under age images, they were among a variety of pictures and other forms of communications. I believe his intent was to generate "pervy" conversation rather than to use these images for sexual gratification. What is meant by "pervy" is discussions of the other individual's proclivities and interests not necessarily those of Mr. Johnson, as he found this fantasy material stimulating.

It is my professional opinion that he represents no threat to the welfare of others, regardless of their age, gender or sexual orientation.

Mr. Johnson has never been involved in any pedophilic activities; nor does he have any underlying pedophilic tendencies, or desires. Further, he has not participated in any assaultive or non-consensual sexual activities. I understand the post-release therapeutic prescriptions present a range of options, depending upon the nature and level of the aberrant behavior. It is my opinion that the level of his sexually offensive behavior/activity should not be viewed as if he were an individual who had committed more heinous hands-on crimes. I have had the opportunity to review the proposed conditions of supervised release; they were shared with me by Mr. Johnson's attorney. To prescribe such extensive and extreme post-release conditions would serve no purpose other than to cause him further humiliation and psychological distress. Upon his release, he may benefit from "regular" counseling to facilitate his adjustment back into society and family.

As I have indicated in communication with his lawyer, probation officer, and other documents, I would trust Mr. Johnson to care for my grandchildren or any other members of my family… without hesitation.

Sincerely,

Gerald Lewis, Ph.D.
MA license 2096