UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 17-CR-10129-LTS |
| | ) | |
| WALTER JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Pursuant to a binding plea agreement, defendant Walter Johnson pled guilty to Count Two of the above-docketed indictment, which charges him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). For the reasons outlined below and to be discussed at the sentencing hearing, the government respectfully requests that this Court impose a sentence that includes a term of incarceration of 48 months, which represents a 16% downward variance from the low end of the Guideline sentencing range.

## FACTS

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 8 through 13 of the Presentence Investigation Report ("PSR"). In summary, the defendant, while working as a high school track coach, was found to be in possession of several files of child pornography after he was discovered trading child pornography and discussing specific sexual acts against children with other like-minded internet users.

## DISCUSSION

**I.    Sentencing Guideline Calculation**

Based on its computation of the defendant's total offense level as 25 and his criminal history category as I, the United States Probation Office ("Probation") has computed a Guideline

sentence in this case to include a term of incarceration from 57 months to 71 months; the Guideline range of supervised release is five years to life.

The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category [PSR 17-35], and thus agrees with its determination of his Guideline sentencing range (GSR) as outlined above.

**II.      Application of the Section 3553(a) Factors**

Based on an evaluation of all of the § 3553(a) factors, this Court should impose a 48-month sentence, which represents a not-insignificant downward variance from the Guideline sentencing range. The government's recommended punishment is one that reasonably fits the crime that the defendant has pled guilty to.

The government recognizes that it is difficult to quantify exactly how many months would satisfy the Court's obligation to impose a sentence that is just, that would adequately deter both this defendant and others who might commit the same type of crime, and that would protect the most vulnerable members of our society. Ultimately, this Court can be confident that the proposed sentence will achieve all of these goals of sentencing.

Notwithstanding the volume of this defendant's collection—which, the government agrees, is smaller than those of many other offenders prosecuted in this district— the nature and circumstances of the offense itself should drive this Court to impose a significant sentence. As the Sentencing Commission found in its 2012 report to Congress,[1] "all child pornography offenses are extremely serious because they both perpetuate harm to victims and normalize and validate the

---

[1] Available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_12.pdf.

sexual exploitation of children." [Id. at 311]. By imposing a significant sentence, this Court can (and should) publicly reject any such notion of validation or normalization.

The government is familiar with the defendant's argument that certain of the specific offense characteristics included in the calculation of his GSR should be discounted by this Court in determining an appropriate sentence. This Court is familiar, too, with the government's response – but it bears repeating here. The specific enhancements here are not meaningless, as described briefly below:

    a. **§ 2G2.2(b)(2) (prepubescent minor):** There are many cases where defendants possess, distribute, receive, and produce images of children who are *not* prepubescent. The distinction between pubescent and prepubescent victims is an important one for this (and all) courts to consider, given that a victim's vulnerability is often directly correlated to his or her age.

    b. **§ 2G2.2(b)(6) (use of computer)**: The government concedes that in many cases, the application of this enhancement does make less sense, given that virtually all child pornography offenses today involve the use of computers. This case is not one that stands apart from the new "norm," unlike those in which defendants use the dark web or virtual currency.

    c. **§ 2G2.2(b)(7)(D) (number of images):** The government recognizes that it is relatively easy to "get to" 300 images when videos are included in the defendant's collection. That does not render the enhancement meaningless. If a picture says a thousand words, a video screams them from the rooftops. The depiction of children in videos, as opposed to still images, makes it harder to overlook the devastating realization that the defendant's crimes involve real, live children, who are raped or otherwise exploited

*solely* for the pleasure of people like this defendant – who are *not* traumatized by having to watch other people sexually abuse or encourage the exploitation of children around the world, but who choose to do so because they either prefer it or need it for their own sexual gratification. Videos *should* be weighted more heavily than images. The enhancement is not meaningless – for the reasons described above, it is essential to avoid the desensitization that has beset us legal professionals as a byproduct of prosecuting, defending, and sitting in judgment of those that violate our child pornography laws.

This Court must view with significant skepticism any conclusory statement that this defendant presents little risk to recidivate (i.e., be *caught* reoffending). Conversely, the fact that the defendant—formally a mandated reporter—appeared to be a functioning member of society whose criminal conduct came as a shocking revelation to those who knew and loved him best demonstrates that we cannot rely on arrest statistics to inform us about true danger (i.e., the protection of the public), and there is no reason to believe that anything but a lengthy term in prison will deter this defendant from committing similar offenses in the future.

Similarly, the fact that the defendant comes before this Court with no prior record is not a mitigating factor in the context of these offenses. The defendant's record was taken into consideration in the calculation of his criminal history category. See, e.g., United States v. Oberg, 877 F.3d 261 (7th Cir. 2017) (district judge properly noted that defendants in child pornography cases often have limited criminal histories).

The government recognizes that it is always difficult to quantify in years "how much" is "enough" to adequately punish the defendant, deter similar criminal conduct, and protect the public. While the government's recommended sentence here is significant, it is not only

reasonable, but necessary in this case to promote respect for the law, to adequately punish the defendant for his criminal conduct, to deter him and others from offending in the same ways again, and for long-term protection of the public.

## CONCLUSION

For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence of 48 months in prison and a period of 5 years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully Submitted,

ANDREW E. LELLING
United States Attorney

Date: September 9, 2019   By:   /s/ Anne Paruti
Anne Paruti
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way
Boston, MA 02210
617-748-3310

## CERTIFICATE OF SERVICE

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:

Date: September 9, 2019   /s/ Anne Paruti
Anne Paruti
Assistant United States Attorney